```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION
```

JOSEPH SAWCZAK,

                Plaintiff,

vs.                          Case No. 2:03-cv-214-FtM-29DNF

FNU ALLEN, Therapeutic Community Coordinator, ROBERT BRIODY, Executive Director of the Florida Civil Commitment Center, ROBERT VAUGHN, Assistant Director of the Florida Civil Commitment Center, B. PLATT, Facility Safety Manager, DR. FNU ACKERMAN, Clinical Staff and KATHLEEN KERNEY, Secretary of Children and Family Services,

                Defendants.
_____/

## **OPINION AND ORDER**

This matter comes before the Court upon Defendants' Motion to Dismiss (Doc. #34) filed February 28, 2005 on behalf of Defendants Allen, Vaughn and Ackerman[1]. Plaintiff has filed a Response in Opposition to Defendants' Motion (Doc. #38) on August 8, 2005. This matter is now ripe for review.

**I.**

In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiffs. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir.

---

[1] The Court has also examined the allegations in Plaintiff's Amended Complaint as to Defendants Briody, Platt and Kearney, upon whom service has not been effectuated.

2003). A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(en banc). However, "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal" under Rule 12(b)(6). Aldana v. Del Monte fresh produce, N.A., Inc., 416 F.3d 1242, 1246 (11th Cir. 2005) (quoting Oxford Asset Mgmt., Ltd. V. Jaharis, 297 F.3d 1182, 188 (11th Cir. 2002).

To satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, a complaint must simply give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). However, the Eleventh Circuit imposes "heightened pleading requirements" for § 1983 cases which involve individuals entitled to assert qualified immunity. Swann v. Southern Health Partners, Inc., 388 F.3d 834 (11th Cir. 2004), citing Leatherman v. Tarrant County, 507 U.S. 163 (1993). The heightened pleading standard is not otherwise applicable. Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003). The Court need not accept unsupported conclusions of

law or of mixed law and fact in a complaint.  Marsh, 268 F.3d at 1036 n.16.

**II.**

Plaintiff currently has pending an Amended Complaint[2] (Doc. #37) in which he alleges the following constitutional violations: (1) retaliation for exercising Plaintiff's First Amendment rights; (2) due process in violation of the Fourteenth Amendment; (3) equal protection violations; and (4) cruel and unusual punishment. Plaintiff names the following as Defendants (1) Dr. Robert Briody, Executive Director of the FCCC (2) FNU Allen, Therapeutic Community Coordinator at the FCCC, (3) Robert Vaughn, Assistant Director of the FCCC; (4) B. Platt, Facility Manager at the FCCC, (5) Dr. Ackerman, Clinical Staff at the FCCC; and (6) Kathleen Kearney, Former Secretary of the Department of Children and Family Services.

The Amended Complaint sets forth the following facts, which at this stage of the proceedings are assumed to be true. Plaintiff is a civil detainee awaiting a civil commitment trial pursuant to Fla. Stat. §394.910 ("Jimmy Ryce Trial") and is confined at the Florida Civil Commitment Center ("FCCC").  On August 6, 2002 Defendant Allen fabricated a disciplinary report against Plaintiff "for allegedly taking a 'threatening posture' out of retaliation for

---

[2] Defendants' filed a Motion to Dismiss Plaintiff's original Complaint on January 10, 2005 (Doc. #27). Plaintiff filed a Motion to Amend his Complaint on February 7, 2005 (Doc. #33), which the Court granted on July 20, 2005 (Doc. #36). Defendants re-filed their Motion to Dismiss on February 28, 2005 (Doc. #34) prior to the Court granting Plaintiff's Motion to Amend.

Plaintiff's filing a complaint against Defendant Allen for bartering for the property of a resident." Amended Complaint, page 5, ¶2. Defendant Platt ordered Plaintiff to "be placed on solitary confinement." Id., ¶3. The cell in which Plaintiff was housed was "filthy." Specifically, there was food splattered on the walls, the toilet had growth, and he was not afforded any cleaning supplies. Id., ¶4. Additionally, the "air was not working" and Plaintiff was permitted to shower only once in eight days. Id. Defendant Ackerman "was responsible for assessing the Plaintiff's level of risk" and kept Plaintiff confined for "eight (8) days." Plaintiff seeks compensatory damages for "emotional and physical injuries" as well as punitive damages from Defendants. Id., page 8. The Complaint does not state that Plaintiff sustained any physical injuries.

Plaintiff brings his claim pursuant to Title 42 U.S.C. § 1983 which imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under 42 U.S.C. § 1983, plaintiff must allege that (1) defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001). In addition, plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the

constitutional deprivation. Marsh v. Butler County, Ala., 268 F.3d at 1059; Swint v. City of Wadley, Ala., 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

A person who is civilly committed is in a position analogous to a criminally confined prisoner. See Pullen v. State, 802 So. 2d 1113, 1119 (Fla. 2001)("the curtailment of the fundamental right of liberty is implicated in both criminal proceedings and involuntary civil commitments"). Residents at the FCCC who are civilly committed are subject to internal regulations much like those established by the Florida Department of Corrections and are considered "totally confined." See Fla. Stat. § 394.912(11). The Court concludes that persons at the FCCC who are civilly committed have constitutional rights analogous to those possessed by a prisoner.

### III.

Defendants, in their Motion to Dismiss, contend that: (1) Plaintiff's Complaint fails to state a claim upon which relief can be granted; and, (2) Defendants are entitled to immunity pursuant to state statute. For the reasons set forth below, the Court agrees that Plaintiff Amended Complaint fails to state a claim upon which relief can be granted as to each of the named Defendants.

**A.   Defendant Allen**

Plaintiff claims that Defendant Allen fabricated "the threatening posture incident report" in retaliation for Plaintiff at some previous time "filing a Complaint against Defendant Allen." An essential element of a First Amendment retaliation claim is the existence of a retaliatory motive. See Gattis v. Brice, 136 F.3d 724, 726 (11th Cir. 1998) ("To succeed in a section 1983 suit based on a claim of retaliation for speech, the plaintiff must show that his speech was a 'substantial' or 'motivating' factor in the allegedly retaliatory decision."). Thus, in the instant case, Plaintiff must be able to demonstrate a "causal connection" between the adverse action taken against Plaintiff and the exercise of Plaintiff's free speech rights. Farrow v. West, 320 F.3d 1235, 1240 (11th Cir. 2003). see also Osterback v. Kemp 300 F.Supp. 2d 1238 (N.D. Fla. 2003).  Plaintiff must do more than make "general attacks" upon a defendant's motivations and must articulate "affirmative evidence" of retaliation to prove the requisite motive. Crawford v.-El v. Britton, 523 U.S. 574, 600 (1998) (citations omitted).  Here, Plaintiff alleges no facts to support a retaliatory motive, other than his own wholly conclusory allegations, that Defendant Allen's actions were retaliatory in nature.  Courts are not to infer causation or construe legal conclusions as facts. Aldana v. Del Monte fresh produce, N.A., Inc., 416 F.3d 1242 (11th

Cir. 2005). Consequently, the Court find Plaintiff's Amended Complaint fails to state a claim against Defendant Allen.

**B.     Defendant Platt and Defendant Ackerman**

Plaintiff claims that Defendant Platt "ordered" Plaintiff into confinement, and Defendant Ackerman "was responsible for assessing Plaintiff's level of risk and was responsible for Plaintiff's continued confinement for eight (8) days." Amended Complaint, page 5, ¶5. Plaintiff alleges that the confinement procedures failed to purport with "confinement procedures required by State and Federal law for mental health facilities." Id. Page 6, ¶7. In Plaintiff's Response, Plaintiff further explains that his due process and equal protection rights were violated because Defendant Ackerman did not adhere to various regulations governing Florida's mental heath facilities. Response, page 6-7.

Here, however, Plaintiff has not plead his due process claims with the requisite specificity. It is not clear on what basis Plaintiff claims Defendants violated his right to the due process of law under federal law. To the extent plaintiff alleges a violation of the Florida mental health statutes, he has not alleged violation of a right created by the United States Constitution or the laws of the United States. "Section 1983 does not create a remedy for every wrong committed under the color of state law, but only for those that deprive a plaintiff of a federal right." Knight v. Jacobson, 300 F.3d 1272, 1275 (11th Cir. 2002). Any argument that a violation of state law gives plaintiff a viable substantive

due process claim has been foreclosed by the United States Supreme Court. Lovins v. Lee, 53 F.3d 1208, 1211 (11th Cir. 1995)(citing Collins v. City of Harker Heights, Texas, 503 U.S. 115 (1992). See also McKinney v. Pate, 20 F.3d 1550, 1556 (11th Cir. 1994)(en banc)(substantive rights created only by state law are not subject to substantive due process protection because substantive due process rights are created only by the United States Constitution). Therefore, no § 1983 claim is stated by virtue of the alleged violation of Florida mental health statutes.

Plaintiff's claim of equal protection violations is equally flawed. Equal Protection "does not require that all persons be treated identically." Hendking v. Smith, 781 F.2d 850,, 851 (11th Cir. 1986)(citing Stanton v. Stanton, 421 U.S. 7, 14 (1975)). Rather, it requires that "similarly situated persons be treated equally." City of Clebrune v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). Conclusory allegations of disparate treatment or personal belief of discriminatory intent is insufficient. GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1367-68 (11th Cir. 1998). Plaintiff simply alleges he was subject "to unequal treatment" but wholly fails to explain how he was treated differently than any other FCCC resident to sustain an equal protection claim under federal law.

Plaintiff claims violations of the Eighth Amendment[3] with respect to the conditions of the cell in which Plaintiff was temporarily confined for eight days. The "cruel and unusual punishment" standard, which originally proscribed barbarous methods of punishment, has evolved to reflect society's "standards of decency." Rhodes v. Chapman, 452 U.S. 337, 345-46 (1981), Estelle v. Gamble, 429 U.S. 97, 102 (1976). The court employs a two-part analysis in determining whether the conditions of a plaintiff's confinement violates the Eighth Amendment. Hudson v. McMillan, 503 U.S. 1, 8 (1992). First the condition must be objectively and sufficiently serious or "extreme" to show that it "pose[s] an unreasonable risk of serious damage to [a plaintiff's] future health or safety." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004). Second, plaintiff must come forward with some factual allegations to show that the defendant official "acted with a sufficiently culpable state of mind." Id. citing Hudson, 503 U.S. at 8. Negligence is not enough. Chandler, 379 F.3d at 1289. Rather, a plaintiff must show the defendant acted with "deliberate difference." Id. Significantly, a defendant must (1) have subjective knowledge of a risk of harm; (2) disregard that risk; and (3) engage in conduct that rises above mere negligence.

---

[3] Plaintiff's rights as a detainee arise from the Fourteenth Amendment, though the case law developed with regard to the Eighth Amendment prohibitions against cruel and unusual punishment is analogous. Cook ex. rel Estate of Tessier v Sheriff of Monroe County Fla., 402 F.3d 1092, 1115 (11th Cir. 2005). See also Hamm v. DeKalb County, 774 F.2d 1567, 1574 (11th Cir. 1985).

Here, Plaintiff alleges only that the conditions to which he was subjected were uncomfortable and unsanitary. No where does Plaintiff even suggest that the conditions posed any threat to this health or safety. Admittedly, Plaintiff "need not await a tragic event" in order to seek relief. Helling v. McKinney, 509 U.S. 25, 33 (1993). Nonetheless, while the Court may find the conditions that Plaintiff describes as offensive, it does not find that objectively these conditions are "extreme" to have posed an "unreasonable risk of serious damage" to Plaintiff's health or safety. Chandler, Id. at 1290 (citations omitted) (pointing out that Eighth Amendment violations should not be found upon a judge's subjective views).

C. **Defendants Briody, Vaugh and Kearney**

The Court recognizes that a *pro se* complainant is disadvantaged in ascertaining the proper legal entity against whom to bring his claim. See Brown v. Sikes, 212 F.3d 1205 (11th Cir. 2000). Plaintiff's Complaint, however, is devoid of any allegations that Defendants Briody, Vaughn and Kearney personally participated in any alleged constitutional violation concerning Plaintiff's medical care. Brown v. Crawford, 906 F.2d 667, 671 (11th Cir.) cert. denied 500 U.S. 933 (1990). Rather, it is clear that Plaintiff's claims stem from Defendants' supervisory positions. Specifically, Plaintiff Amended Complaint states as follows:

> Defendants Briody, Vaughn and Kearney as Executive Director, or Assistant Director, or Secretary of the

> Department of the Florida Civil Commitment Center, were responsible for implementing the confinement procedures at the Florida Civil Commitment Center and ensuring that they comport with the due process of law and do nor inflict cruel and unusual punishment on detainees.

Amended Complaint, page 6, ¶6. Section 1983 claims predicated on *respondeat superior* theories have been uniformly rejected. Mondell v. Dep't of Social Services, 436 U.S. 658, 690-692, 98 S.Ct. 2018, 2036 (1978); LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993), cert. denied, 510 U.S. 1164, 114 S.Ct. 1189 (1994). Plaintiff's Complaint also does not contain any allegations of a policy, custom or practice on the part of these Defendants that was the "moving force" behind the alleged misconduct. Board of County Commissioners v. Brown, 117 S.Ct. 1382, 1388 (1997), see also Jones v. Cannon, 174 F.3d 1271, 1292 (11th Cir. 1999), Tennant V. Florida,111 F.Supp.2d 1326 (S.D.Fla. 2000). Consequently, the Court finds Plaintiff's Complaint fails to state a constitutional claim against Defendants Briody, Vaughn and Kearney.

ACCORDINGLY, it is hereby

**ORDERED:**

1.   Defendants' Motion to Dismiss (Doc. #34) is **GRANTED**, and the Complaint is dismissed without prejudice as to all Defendants.

2.   The **Clerk of Court** shall: 1) enter judgment accordingly; 2) terminate any outstanding motions; and 3) close this file.

3.   The **U.S. Marshal** is directed to take no further action to effectuate service of process on Defendants Briody, Platt and Kearney.

**DONE AND ORDERED** in Fort Myers, Florida, on this   20th   day of September, 2005.

_____
JOHN E. STEELE
United States District Judge


SA:   hmk
Copies: All Parties of Record
        U.S. Marshal-Att: Sally